1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

LESLIE LEXANN FERIA,

                                    Plaintiff,

        vs.

LEHMAN BROTHERS BANK, et al.,

                                    Defendants.

CASE NO. 10 CV 1412 MMA (CAB)

**ORDER GRANTING MOTION TO DISMISS**

[Doc. No. 6]

        Before the Court is Defendants Aurora Bank FSB (formerly known as Lehman Brothers Bank, FSB) and Aurora Loan Services LLC's (collectively "Aurora") motion to dismiss Plaintiff Leslie Lexann Feria's first amended complaint ("FAC"). [Doc. No. 6.][1]  For the reasons discussed below, the Court **GRANTS** Aurora's motion to dismiss.

## BACKGROUND

        This action arises from foreclosure-related events with respect to Plaintiff's home.[2]  On or about July 27, 2007, Plaintiff purchased a house located at 2610 Obrien Place, Escondido, California 92027 (the "Property").  [FAC ¶¶1, 10.]  Plaintiff obtained financing to purchase the Property from Lehman Brothers Bank ("Lehman"), in the amount of $360,000.  [*Id*. at ¶10.]

        [1] On July 14, Defendant Cal-Western Reconveyance Corporation filed a declaration of non-monetary status.  [*See* Doc. No. 3.]

        [2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question. *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).  All facts cited are taken from Plaintiff's FAC unless otherwise noted.

10cv1412

Plaintiff alleges Lehman should never have approved her for the loan based on her limited income and high-risk credit score.  [*Id*. at ¶¶26-27.]  Instead, Lehman inflated Plaintiff's income from approximately $2,400 per month to $10,250 per month, and failed to disclose the details of the loan transaction, including the adjustable interest rate and interest only payments.  [*Id*. at ¶¶11-13.]  In addition, Plaintiff asserts the schedule of payments in the Truth in Lending Disclosure Statement was incorrect and did not match the schedule described in the promissory note Plaintiff executed to obtain the loan from Lehman.  [*Id*. at ¶¶12, 18.]  Plaintiff also did not receive a copy of the loan documents in Spanish, even though the negotiations were primarily conducted in Spanish, Plaintiff's native language.  [*Id*. at ¶¶8, 92.]  As a result, Plaintiff experienced severe "payment shock" when her payments increased, and defaulted on her loan.  [*Id*. at ¶¶12, 34.]  Plaintiff asserts Defendants owed her a fiduciary duty to inform her that she did not qualify for a loan of $360,000, and that she would likely default on a loan of that amount given her limited income.  [*Id*. at ¶30.]

On March 25, 2010, Plaintiff initiated this action in the Superior Court for the State of California in San Diego County, alleging both federal and state causes of action.  [*Notice of Removal*, Doc. No. 1, Ex. A (state complaint).]  On July 6, 2010, Defendants removed the action to this Court based on Plaintiff's federal claims.  [Doc. No. 1.]  On July 13, Aurora filed a motion to dismiss.  [Doc. No. 2.]  Instead of opposing the motion, Plaintiff filed the FAC on August 2, which does not allege any federal claims.  [Doc. No. 4.]  On August 23, Aurora moved to dismiss the FAC for failure to state a claim upon which relief may be granted.  [Doc. No. 6.]  Plaintiff did not file an opposition.

## DISCUSSION

The Ninth Circuit has held a district court may properly grant an unopposed motion to dismiss pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond.  *See generally, Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  Local Civil Rule 7.1(f)(3)(c) provides that "[i]f an opposing party fails to file papers in the manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of that motion or other ruling by the court."  As such, the Court has the option of granting Aurora's motion on the basis of Plaintiff's failure to respond, and it chooses to do so.

10cv1412

1    Generally, public policy favors disposition of cases on their merits.  *See, e.g., Hernandez v.*
2  *City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).  However, a case cannot move forward
3  toward resolution on the merits when the plaintiff fails to defend herself against a Rule 12(b)(6)
4  motion.  Thus, this policy lends little support to a party whose responsibility it is to move a case
5  toward disposition on the merits but whose conduct impedes or completely prevents progress in
6  that direction.  *See In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994).  In addition, management of
7  this Court's docket is of vital significance to the proper and timely resolution of matters before it.
8  Consequently, the Court finds that dismissal of this action pursuant to Local Civil Rule 7.1(f)(3)(c)
9  serves to facilitate the management of its docket in light of the fact that multiple cases similar to
10  the one at bar are currently pending, poised in the same procedural posture.

**CONCLUSION**

12    For the reasons set forth above, the Court **GRANTS** Aurora's motion and **DISMISSES**
13  this action in its entirety without prejudice.  The Clerk of Court is instructed to close the case file.

14    **IT IS SO ORDERED**.

16  DATED:  October 13, 2010

Hon. Michael M. Anello
United States District Judge

- 3 -

10cv1412